LETTS, Judge.
This is an appeal from a hearing officer’s final administrative order in which the Division granted a motion to dismiss. The order denied standing to an aggrieved landowner who claimed he would be adversely affected by water restrictions adopted by the South Florida Water Management District for future implementation in times of drought. We reverse.
We agree with the hearing officer’s conclusion that the pivotal question involved here is one of standing predicated upon whether the landowner was substantially or immediately affected. See Fla. Dept. of Offender Rehabilitation v. Jerry, 353 So.2d 1230 (Fla. 1st DCA 1978), cert. denied, 359 So.2d 1215 (Fla.1978). However, the Water Management District admits that one of the hearing officer’s two stated reasons why there was a lack of standing is erroneous because he reasoned that any water restrictions which might be implemented did not mandate compliance by the landowner. In fact they did.
Nor do we agree that the landowner is not substantially or immediately affected just because no drought existed at the time the motion to dismiss was heard. We can all take judicial notice of the fact that Florida’s never ending preoccupation with the delicate balance of its water supply is more than mere speculation. Droughts and floods are to Florida what sand is to the Sahara Desert — inevitable.
At a minimum, we are of the opinion that the allegations of the petition were sufficient to withstand a motion to dismiss.
REVERSED AND REMANDED.
ANSTEAD, C.J., and BERANEK, J., concur.